No. 20,020.

BERTHA M. POWER, *Appellee,* v. THE MODERN BROTHERHOOD
OF AMERICA, *Appellant.*

### OPINION DENYING A REHEARING.

#### HEADNOTE BY THE REPORTER.

LIFE INSURANCE—*Policy Avoided by Suicide, Sane or Insane—Insured
Insane—Death by Suicide.* Where a policy of life insurance provided
that the policy was to be void if the insured's death resulted from
"suicide, sane or insane," and the insured committed suicide, the policy
was avoided notwithstanding the jury found that because of his in-
sanity and mental derangement the insured was not responsible for
his acts.

Appeal from Wyandotte district court, division No. 2; FRANK
D. HUTCHINGS, judge. Opinion denying a rehearing filed July
29, 1916. (For original opinion of reversal, see *ante,* p. 487,
158 Pac. 870.)

*David F. Carson,* of Kansas City, *Sam Sparrow,* and *James
R. Page,* both of Kansas City, Mo., for the appellant.

*J. H. Brady, E. H. Henning, Junius W. Jenkins,* and *Charles
E. Thompson,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: A petition for a rehearing has been filed in
which it is insisted that in holding there was no evidence to
justify an instruction permitting the jury to find that Power's
death was the result of an accident and that he did not under-
stand the physical consequences of discharging a loaded re-
volver into his head, this court overlooked "the acts and ap-
pearance of Power immediately before the fatal shot was fired
—that they indicated and unmistakably proved that he was
insane." That the court did not overlook any of the testimony
is apparent from the statement in the opinion that "it may be
conceded that he was insane when he shot himself, and that his
act was the result of an irresistible and uncontrollable im-
pulse." (*Power v. Modern Brotherhood, ante,* pp. 487, 494,
158 Pac. 870.) Counsel possibly overlooked the grounds stated
in the opinion for holding that it was error to permit the jury

on pure speculation to find that Power's death was the result of an accident. There was no evidence of any kind warranting such an instruction or such a finding. The policy was to be void if the insured's death resulted from "suicide, sane or insane." Therefore, unless the court shall make an entirely new and different contract to govern the rights of the parties, it seems clear that death by suicide must avoid the policy notwithstanding the jury find that because of his insanity and mental derangement the insured was not responsible for his acts.

It is insisted that the court overlooked the testimony of two physicians who were called as experts, and who, in answer to a hypothetical question purporting to detail all the facts, in evidence, said that in their opinion Power was not conscious of what the physical result of his act in discharging the revolver would be. The court did not overlook the testimony. It must be obvious that these statements of so-called experts were without any probative force whatever, because there was no fact or circumstance stated in the hypothetical question and based upon evidence that could, in the nature of things, support the statements of the physicians. All that the physicians knew was that the deceased quarreled with his wife, cursed her, and flourished a revolver in her face; said that he intended to kill himself with that weapon; kissed his child and told her that she would not have a father any longer; disregarded the efforts of his aged mother to get him to give her the weapon; rushed into the house, locked the door, and immediately thereafter shot himself through the head with the revolver. Every one who knew anything about the facts understood that he had committed suicide. His acts, conduct and appearance immediately before the fatal shot was fired, the history of his physical health for years prior to the occurrence, and his domestic relations were known and stated to the physicians. The same witnesses could with equal propriety and equal probative force give their opinion that any man who threatens to kill himself with a revolver does not, because of his mental derangement, understand what the physical results will be when he shoots himself with such a weapon.

We are asked to reëxamine the case of *Cady v. Fidelity & C. Co.*, 134 Wis. 322, 113 N. W. 967, 17 L. R. A., n. s., 260. Inas-

much as we quoted very largely from the opinion in that case it will not be necessary to reconsider it. Besides, the Wisconsin case, as stated in the former opinion, has no direct bearing on the present case because of the undisputed facts which show that Power committed suicide. The former opinion did not attempt to weigh the authorities upon the question whether a clause in an insurance policy such as the one under consideration applies, even though the insured was unconscious of the physical nature and consequences of his act, although it was said that the author of a note to the Cady case, *supra*, in 17 L. R. A., n. s., 260, 270, declares that a clear majority of the cases which had occasion directly to decide the point have so held. We expressly stated that it would not be necessary to decide that question at this time, for the reason that the undisputed facts showed that deceased's death resulted from his intentional suicide, and therefore the present case is controlled by the law as declared in *Hart v. Modern Woodmen,* 60 Kan. 678, 57 Pac. 936, 72 Am. St. Rep. 380. It was endeavored in the former opinion to explain that there was no difference in principle between the two cases, notwithstanding the facts were admitted in the Hart case.

It seems that the plaintiff signed two written statements relating to the manner of her husband's death; one a formal proof of loss stating suicide as the cause, and another signed, as we gathered from the abstract, before the same notary public. We inadvertently referred to them as the proof of loss. The mistake is of no consequence, because, as stated, there is no substantial ground for dispute as to the manner in which Power's death occurred as appears from the wife's testimony. Where the opinion states that a demurrer might have been sustained to the evidence, it should have stated that at the conclusion of all the evidence the court might have directed a verdict.

A rehearing is denied.